UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>            Plaintiff,                              )<br>                                                      )<br>  v.                                                 )<br>                                                      )<br> SCOTT J. WOLAS,                          )<br>            Defendant.                         ) | Case No. 17-cv-11032-RWZ |

## UNITED STATES' MOTION TO VACATE
## THE TEMPORARY RESTRAINING ORDER

The United States of America hereby moves to vacate the Temporary Restraining Order entered on June 5, 2017 pursuant to 18 U.S.C. § 1345 and Local Rule 40.4(a) freezing a retirement account (Docket No. 6), which was further extended by order of the Court on June 12, 2017 (Docket No 12).  A proposed order is attached.  In support of this motion, the United States states as follows:

1.     On June 2, 2017, the United States filed an action seeking a temporary restraining order ("TRO"), over property, then valued at approximately $647,000, located in a retirement account, the Hunton & Williams LLP Retirement Savings Plan A.  The purpose of the TRO was to restrain the retirement account ("Retirement Account") of the defendant Scott J. Wolas (the "Defendant") so it could not be dissipated.

2.     On June 5, 2017, the Court granted the United States' request for a TRO and entered the restraining order.  Docket No. 6.  The Court then extended that TRO on June 12, 2017, and it has remained in effect to the present day.  Docket No 12.

3.     On June 28, 2018, the United States Attorney for the District of Massachusetts filed a ten-count Superseding Information, charging the Defendant with Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Seven), Aggravated

Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5) (Count Eight), Misuse of Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B) (Count Nine), and Tax Evasion, in violation of 26 U.S.C. § 7201 (Count Ten).  Included in that Superseding Information was a Forfeiture Allegation.  *See United States v. Scott J. Wolas*, Criminal No. 17-10198-FDS.

4. On June 29, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Ten of the Superseding Information, pursuant to a written plea agreement that he signed on June 12, 2018.  In Section Nine of the plea agreement, the Defendant agreed to forfeit to the United States $1,787,813 on the grounds that such amount constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of the offenses as a result of his guilty plea.  In Section 9 of his plea agreement, the Defendant also specifically consented to the forfeiture of his interest in the Retirement Account as a substitute asset.  *See* Docket No. 65-2 in 17-10198-FDS.

5. On November 5, 2018, the Court in the criminal matter issued a Preliminary Order of Forfeiture against up to $1,787,813 in the Retirement Account pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.  *See* Docket No. 78 in 17-10198-FDS.

6. On January 28, 2019, Cecily Sturge ("Sturge"), the ex-wife of Defendant, filed a petition with the Court pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, claiming an interest in the Retirement Account and requesting that the Court conduct an ancillary proceeding.  *See* Docket No. 90 in 17-10198-FDS.

7. On February 16, 2021, after a hearing, the Court issued a Memorandum and Order on Cross-Motions for Summary Judgment, denying Sturge's petition.  *See* Docket No. 141 in 17-10198-FDS.

8.     On February 26, 2021, the United States moved for a Final Order of Forfeiture of the Retirement Account pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  *See* Docket No. 143 in 17-10198-FDS.

9.     On March 1, 2021, the Court entered a Final Order of Forfeiture of the Retirement Account, which provided that the United States of America is entitled to the forfeiture of all right, title or interest in the Retirement Account, and that the Retirement Account is forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure.  The Court further authorized the United States to dispose of the Retirement Account in accordance with applicable law.  *See* Docket No. 144 in 17-10198-FDS.  A copy of that Final Order of Forfeiture is attached.

10.    Because the Retirement Account is now forfeited to the Untied States, the TRO is no longer necessary and may be vacated.  Once the TRO is vacated., the United States intends to file a notice of voluntary dismissal pursuant to Federal Rule Civil Procedure 41(a).

For the foregoing reasons, the United States requests that this motion be granted and the temporary restraining order be vacated.

Dated: March 3, 2021                                        Respectfully submitted,

                                                          NATHANIEL R. MENDELL
                                                          Acting United States Attorney

By:     */s/ Carol E. Head*
        CAROL E. HEAD
        Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
        carol.head@usdoj.gov